IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NOS. WR-60,039-01, WR-60,039-02, WR-60,039-03






EX PARTE PAUL YOUNG ROSS, Applicant






ON APPLICATIONS FOR WRITS OF HABEAS CORPUS 

FROM CAUSE NOS. W90-21741-I, W91-31285-I, AND W91-31310-I 

IN THE CRIMINAL DISTRICT COURT NO. 2

 DALLAS COUNTY




 Per curiam.

 O R D E R


 These are applications for writs of habeas corpus which were transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. 
Applicant originally pleaded guilty to one count of burglary of a habitation, for which he
received a five-year deferred sentence. Shortly thereafter, he was charged with a second 
burglary of a habitation, and a theft. Applicant pleaded guilty to the second burglary and
theft charges. His original burglary charge was adjudicated, and punishment was assessed
at 45 years' confinement for each of the burglary convictions, and 10 years' confinement for
the theft conviction. Applicant's convictions were affirmed in a consolidated appeal. Ross
v. State No. 05-91-01754-CR(Tex. App. --Dallas, delivered March 27, 1997, no pet.).

 Applicant's writs were filed in the district court on or about March 13, 1998. This
Court received the writs, along with the findings and recommendations of the trial court, on
August 31, 2004. However, because those findings were not sufficient to completely resolve
Applicant's claims, this Court remanded all three causes to the district court for supplemental
findings and affidavits on January 26, 2005, to be returned no later than May 26, 2005. 

 On August 25, 2005, this Court received the trial court's findings in response to the
remand order. Those supplemental findings consist entirely of the same findings of fact and
conclusions of law, and the same affidavits that were provided in response to Applicant's
writs when he filed them in the district court in 1998. This Court has already found that
those affidavits, findings, and conclusions are not sufficient to resolve the issues presented. 

 Applicant contends, inter alia, that his trial counsel's ineffectiveness caused him to
enter involuntary guilty pleas. He contends that his appointed counsel, Mr. Brett Stalcup,
never communicated with him, and failed to show up on the day set for trial. He claims that
another attorney, Ms. Tracy Fraser-Holmes told him that she was working with Mr. Stalcup,
and would handle his guilty pleas if applicant elected to pursue this course. When Mr.
Stalcup failed to appear, applicant contends that he had no choice but to enter guilty pleas. 
The trial court refused to accept a plea agreement on one of the burglary counts, and
applicant persisted in pleading guilty, allegedly because Ms. Fraser-Holmes told him that
Judge Baraka would give him 99 years for the burglary if he did not accept the plea. Ms. Fraser-Holmes has provided an affidavit, refuting applicant's claims. In her
affidavit, Ms. Fraser-Holmes contends that she alone was appointed to represent applicant,
and that Mr. Stalcup had no involvement with the cases, except that he represented applicant
at his original plea hearing on the first burglary charge. The trial court has entered findings
of fact and conclusions of law finding that Ms. Fraser-Holmes' affidavit is credible, and that
applicant received effective assistance of counsel. However, we do not believe that those
factual findings are supported by the record, nor that they are sufficient to completely resolve
the issues presented. 

 The record reflects that applicant was represented at his original plea hearing by a
third attorney, Mr. T. Price Stone. Mr. Stone has provided an affidavit in which he denies
having represented applicant at the plea hearing. However, the original plea papers from that
burglary offense were signed by Mr. Stone as applicant's attorney. The record also reflects
Mr. Stalcom as applicant's appointed counsel of record, although Ms. Fraser-Holmes signed
the plea papers as applicant's attorney. Ms. Fraser-Holmes' affidavit does not explain why
applicant persisted in pleading guilty after the trial court refused to accept the plea
agreement. 

 Because Applicant has stated facts requiring resolution and because this Court cannot
hear evidence, it is necessary for the matter to be remanded to the trial court a second time
for resolution of those issues. The trial court shall resolve those issues as set out in Tex.
Code Crim. Proc. art. 11.07, § 3 (d), in that it shall order additional affidavits, depositions,
or interrogatories from Mr. Stalcup and Ms. Fraser-Holmes, or it may order a hearing. If the trial court elects to hold a hearing, it shall first decide whether Applicant is
indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 The trial court shall then make findings of fact as to whether attorney Stalcup assigned
his appointment to Ms. Fraser-Holmes, and whether she was prepared to take applicant's case
to trial. The trial court shall make findings as to why there was such a long delay between
applicant's judgment and his appeal, and why there was another six-year delay between the
filing of applicant's habeas corpus applications in the district court and their filing in this
Court. The trial court should also make any further findings of fact and conclusions of law
it deems relevant and appropriate to the disposition of the applications for writs of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294
(Tex.Crim.App. 1960), these applications for post-conviction writs of habeas corpus will be
held in abeyance pending the trial court's compliance with this order. The trial court shall
resolve the issues presented within thirty days of the date of this order. (1) A supplemental
transcript containing any affidavits, the transcription of the court reporter's notes from any
interrogatories or hearings held, along with the trial court's findings of fact and conclusions
of law, shall be returned to this Court within sixty days of the date of this order. (2)


 IT IS SO ORDERED THIS THE 5th DAY OF APRIL, 2006.





EN BANC

DO NOT PUBLISH 
1. In the event any continuances are granted, copies of the order granting the continuance
shall be provided to this Court.
2. No extensions of this time period shall be granted by this Court.